# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Patriot Response Group, LLC** ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v ) | |
| ) | |
| **Aptim Environmental & Infrastructure, LLC,** ) | |
| ) | |
| **Domingo Camarano,** ) | |
| ) | |
| **Jonathon Hunt, and** ) | |
| ) | |
| **Lissa Metoyer** ) | |
| ) | |
| *Defendants* ) | |

### BRIEF IN SUPPORT OF HARDSHIP REQUEST
### FOR OUT OF STATE COUNSEL TO APPEAR
### WITHOUT JOINDER OF LOCAL COUNSEL

COMES NOW, Plaintiff, Patriot Response Group, LLC, and in accordance with local rule 83(b)(9), submits the following in support of its Motion to allow out of state counsel to appear without joinder of local counsel; on its behalf in accordance with the rules of this honorable court:

### PATRIOT WOULD SUFFER HARDSHIP

Black's Law Dictionary defines a hardship as "The severity with which a proposed construction of the law would bear upon a particular case, founding, sometimes, an argument against such construction, which is otherwise termed the "argument ab inconvenienti.""

## FACTS

1. Patriot Response Group, LLC (hereinafter referred to as "Patriot") is a small Florida limited liability company with 5 employees.

2. Patriot was founded December 6, 2016.

3. Patriot is in the business of general construction (NAICS Code 236220) and environmental remediation (NAICS 562910) focusing on the area of emergency management.

4. In the fall of 2017, the U.S. Virgin Islands (USVI) experienced devastating damages from Hurricanes Irma and Maria.

5. As a result the Federal Emergency Management Agency provided funds to respond to the disaster (approximately $11 Billion in damage) and decided to retain two major construction companies to manage the relief efforts.

6. Those two companies were AECOM and APTIM (the proposed Defendant in this action).

7. Given the desperation of the United States Territory, time was of the essence in responding to the cries of American Citizens in the USVI.

8. In addition, given the distance and gravity of the emergency, the two giant corporations struggled to retain qualified firms to assist them in the actual work.

9. APTIM retained Patriot Response Group, LLC as one of its primary subcontractors to perform the work.

10. Patriot believed this was the opportunity of a life time and entered into negotiations with APTIM to sign a subcontract.

11. Understanding Patriot was a very small business, the terms agreed to included payment of 80% of the invoices without the requirement of a "Pay when paid" clause.

12. A "Pay when paid" clause in a construction contract generally states that Aptim would only be required to pay Patriot once it received payment from the USVI and FEMA of funds associated with a specific Patriot invoice.

13. Because Patriot is a very small business and lacks the financial capacity to carry the expenses, Aptim agreed to the terms in a signed contract dated September 26, 2018.

14. The payment terms were net 15 days.

15. At this point, due to non-payment, Patriot has completely exercised its line of credit and its own subcontractors have hired attorneys to pursue payment against Patriot.

16. The law firm herein, is keeping expenses to a minimum and despite being an expert in this particular field (litigation of Federal Government funded contracts) has reduced its billing to well below market.

**DISCUSSION**

17. The local rules of this honorable court allow for out of state counsel to appear for the limited purpose of representing a client without local counsel if the imposition of retaining local counsel would create a financial hardship upon the litigant.

18. The current law firm accepted a $4000.00 retainer in April 2019, for this matter, the disputes with Patriot's subcontractors in this matter, and an additional similar matter with AECOM Caribe, the other prime contractor with Aptim.

19. Since April of 2019 to the present date, Patriot has paid the firm exactly $5025.30 to review the case, determine a course of action, attempt to negotiate with Aptim, review the subcontracts between Patriot and its subcontractors, negotiate with those subcontractors to delay filing of lawsuits against Patriot, and draft the current complaint.

20. The lead counsel assigned to this case is David A. Rose, an attorney since 1993 with no disciplinary record, an LL.M. degree from George Washington University in Federal Contracts, and many decades of experience both as an officer in the Air Force specializing in Federal Contracts, in-house counsel to several major corporations over Federal and commercial contracts, and as the owner of Rose Consulting Law Firm, founded in 2009 practicing primarily in the Government contracts sector.

21. The co-counsel in this case, if required, will be Christopher Cole, an attorney who retired from Civil Service with the Air Force in June. His background most recently is as Chief of Commercial Litigation for the Air Force Commercial Litigation Division in Washington DC. He also is a well-qualified Government contracts attorney.

22. It is unlikely that Patriot could locate a firm with these qualifications in or out of Louisiana who could even begin to manage this case for the amounts paid thus far.

## CONCLUSION

Therefore, Plaintiff prays this Honorable Court to allow out of state counsel to represent it with regard to this matter, as it is without financial resources to retain qualified counsel willing to take this case in Louisiana and without adequate legal representation, a severe detriment to the financial viability and continued existence of this firm is likely.

<SIGNATURE PAGE TO FOLLOW>

Respectfully submitted,

_____  12/19/19
David A. Rose
GA 614180
ROSE CONSULTING LAW FIRM
P.O. Box 2186
2409 Bemiss Road
Valdosta, Georgia 31604
Telephone: (678) 854-0222
Telefax: (678) 999-8532
drose@roseconsultingllc.org