UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRIOT RESPONSE GROUP, LLC | CIVIL ACTION NO. 3:19-mc-00162 |
| | JWD-RLB |
| Plaintiff, | |
| v. | |
| | JUDGE JOHN W. DEGRAVELLES |
| APTIM ENVIRONMENTAL & INFRASTRUCTURE, LLC, DOMINGO CAMERANO, JONATHON HUNT, AND LISSA METOYER, | |
| | MAGISTRATE JUDGE |
| | RICHARD L. BOURGEOIS, JR. |
| Defendants. | |

**OPPOSITION TO PATRIOT RESPONSE GROUP, LLC'S MOTION FOR WAIVER AND HARDSHIP REQUEST FOR OUT OF STATE COUNSEL TO APPEAR WITHOUT JOINDER OF LOCAL COUNSEL**

Defendant, Aptim Environmental & Infrastructure, LLC ("APTIM"), reserving all rights and defenses and appearing for the limited purpose of opposing Patriot Response Group, LLC's ("Patriot") Motion for Waiver and Hardship Request for Out of State Counsel to Appear Without Joinder of Local Counsel ("Motion") (R. Doc. 1), respectfully submits the following opposition to Patriot's Motion.

Rule 83 of this Court's Local Rules sets for the general requirements that, in all case before the Court, a party who does not (or cannot) appear *pro se* must be represented by a member of the bar of the Court.[1] In order for an attorney who is ineligible to become a member of the bar of the Court (i.e., an attorney who is not admitted to the bar of the Supreme Court of Louisiana) to appear

---

[1] Local Rule 83(b)(7).

4811-3271-0833v2
2941093-000043 01/28/2020

on behalf of a party in any particular case, he is required to comply with Rule 83(b)(8) to seek admission *pro hac vice*, which requires that he associate with local co-counsel.[2] The rule also requires that local co-counsel sign all pleadings.[3]

Many district courts impose such rules "to ensure that the Court has a member of its bar and under its general control to be accountable in the event of abuse of process or other infraction occurs."[4] The Fifth Circuit has concluded that

> [s]uch association satisfies the reasonable interest of the District Court in having a member of its Bar, who is subject to the court's general control, be professionally responsible for the litigation and who can be served with papers, can be notified of hearings and can be held accountable if anything reflecting on the Court or an abuse of its process occurs during the course of the litigation. In this rule there is no need for active participation in the conduct of the litigation by associated counsel.[5]

The Court may only waive the requirement for joinder of local co-counsel if the party requesting waiver shows that: "(A) The party would suffer hardship by joinder of local counsel; and (B) The obligations and duties of counsel in the particular litigation will be fulfilled."[6]

Patriot's counsel, David Rose, is not eligible to become a member of the bar of this Court[7] and seeks waiver of the requirement that he must seek admission *pro hac vice* and associate with local co-counsel. In support of its hardship request, Patriot describes its out-of-state counsel's qualifications and Patriot's payments made to counsel thus far, arguing that "[i]t is unlikely that Patriot could locate a firm with these qualifications in or out of Louisiana who could even begin

---

[2] Local Rule 83(b)(8).

[3] Local Rule 11(a).

[4] *In re Prudhomme*, 152 B.R. 81, 88 (Bankr. W.D. La. 1992) (citing *Sanders v. Russell*, 401 F.2d 241, 248 (5th Cir.1968)).

[5] *Sanders*, 401 F.2d at 248.

[6] Local Rule 83(b)(9).

[7] R. Doc. 1 at p. 1.

2

to manage this case for the amounts paid thus far."[8]  Patriot provides no other argument as to why it would suffer a hardship if the Court required Mr. Rose to associate with local co-counsel in his representation of Patriot.

Patriot is a sophisticated business entity that chose to file suit against APTIM in this forum. Patriot provides no legitimate justification or argument for why its out-of-state counsel should not be required to associate with local co-counsel pursuant to the Court's Local Rules. Notwithstanding that there are plenty of competent attorneys admitted to the bar in Louisiana who could represent Patriot in this dispute, the suggestion that Patriot would be required to find counsel in Louisiana with the same background as Mr. Rose is unpersuasive.  Patriot's current counsel may continue to manage this case for Patriot once he obtains admission *pro hac vice* in this Court (under Local Rule 83(b)(8)), with association of local co-counsel.  Requiring Mr. Rose to associate with local co-counsel would not serve any hardship on Patriot and would serve the Court's interest in having a member of its bar be professionally responsible for the litigation.[9]

For the foregoing reasons, APTIM respectfully requests that the Court deny Patriot's Motion and require Patriot's counsel, David Rose, to associate with local co-counsel and seek admission *pro hac vice* in compliance with the Court's Local Rules if Patriot chooses for Mr. Rose to represent it in this Court.

---

[8] R. Doc. 1-2, at ¶ 22.

[9] *Sanders*, 401 F.2d at 248; Local Rule 83(b)(8)(F)("Local counsel shall be responsible to the Court at all stages of the proceedings.").

3

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY:  */s/ Kristen L. Hayes*
M. David Kurtz (La. Bar No. 23821)
Kristen L. Hayes (La. Bar No. 36490)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: dkurtz@bakerdonelson.com
Email: klhayes@bakerdonelson.com

AND

Gregory E. Bodin (La. Bar No. 18802)
450 Laurel Street, 21st Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7000
Email: gbodin@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT, APTIM ENVIRONMENTAL & INFRASTRUCTURE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January 2020, the foregoing pleading has been served on all parties and counsel of record via email, fax, and/or via U.S. mail.

*/s/ Kristen L. Hayes*
KRISTEN L. HAYES

4

4811-3271-0833v2
2941093-000043 01/28/2020