UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRIOT RESPONSE GROUP, LLC          MISC. CASE

VERSUS

         NO. 19-162-JWD-RLB

APTIM ENVIRONMENTAL
& INFRASTRUCTURE, LLC, ET AL.

## ORDER

This miscellaneous case is before the Court on Plaintiff's Motion for Waiver and Hardship Request for Out of State Counsel to Appear Without Joinder of Local Counsel. (R. Doc. 1). The motion is opposed. (R. Doc. 2).

Patriot Response Group, LLC ("Plaintiff") represents that it is a "small Florida limited liability company with 5 employees" that was employed as a subcontractor by the defendant Aptin Environmental & Infrastructure, LLC ("APTIM"). (R. Doc. 1-2). According to Plaintiff, the underlying subcontract was for certain roof repair work in response to damage caused by Hurricanes Irma and Maria in the U.S. Virgin Islands in 2017. (R. Doc. 1-2 at 2). Among other things, Plaintiff is seeking recovery for breach of the subcontract and violations of the Louisiana Unfair Trade Practices Act ("LUPTA"). (R. Doc. 1-3).

Plaintiff is now seeking a waiver by court order of the requirements for local counsel. Local Rule 83(b) governs attorney appearances in this district. In general, "any party who does not appear in proper person must be represented by a member of the bar of this Court." LR 83(b)(7). A visiting attorney may apply to proceed *pro hac vice*, but local counsel admitted as a member of the bar of this Court must remain responsible to the Court at all stages of the proceedings, and must sign all pleadings, motions, and other papers. *See* LR 83(b)(8)(F); LR 11(a)(1).

The Court may, however, waive the requirements of local counsel under special circumstances:

> In any civil action a counsel who is ineligible to become a member of the bar of this Court under [LR 83(b)(2)] may be authorized by court order to appear and act for any party without joinder of local co-counsel when it is shown that:
>
> (A) The party would suffer hardship by joinder of local counsel; and
>
> (B) The obligations and duties of counsel in the particular litigation will be fulfilled.

LR 83(b)(9). There is no dispute that Plaintiff's counsel is not eligible to become a member of the bar of this Court. There also appears to be no dispute that Plaintiff's current counsel can fulfill the obligations and duties of counsel in this particular litigation. The sole dispute is whether Plaintiff would suffer hardship by joinder of local counsel.

Having considered the record, the Court finds that Plaintiff has not established that it would suffer any atypical hardship by joinder of local counsel. Plaintiff asserts that it "has completely exercised its line of credit and its own subcontractors have hired attorneys to pursue payment against Patriot." (R. Doc. 1-2 at 3). There is no evidence, however, that Patriot lacks any capital to pay the appropriate court fees and to retain local counsel. Plaintiff also asserts that it is "unlikely" that it could locate a firm with the qualifications of its current counsel "in or out of Louisiana who could even begin to manage this case for the amounts paid thus far," namely $5025.30. (R. Doc. 1-2 at 3-4). Plaintiff provides no evidence, however, that it has made any attempts to do so. In addition, the motion indicates that if necessary, a second attorney will be involved in the case. Presumably, this attorney is also not eligible for admission in this district. At any rate, given the allegations in the proposed pleading, the apparent amount in controversy, and the lack of any evidence that Patriot cannot pay the appropriate fees, the Court will not grant the relief sought.

Given the record, the Court finds no basis to authorize Plaintiff's counsel to appear and act for Plaintiff without joinder of local co-counsel. To file its proposed pleading and commence a civil action in this district, Plaintiff must be represented by a member of the bar of this Court. LR 83(b)(7). After a civil action is commenced, Plaintiff's current counsel may seek admission as visiting attorneys by submitting the required application and fees. *See* LR 83(b)(8).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Waiver and Hardship Request for Out of State Counsel to Appear Without Joinder of Local Counsel (R. Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to close this miscellaneous case.

Signed in Baton Rouge, Louisiana, on February 4, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**